10-5025-cr
United States v. Barlow

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of May, two thousand and twelve.

Present:
> PIERRE N. LEVAL,
> ROBERT D. SACK,
> PETER W. HALL,
> > *Circuit Judges.*

United States of America,

> *Appellee*,

> v.                                                                      No.       10-5025-cr

Terrance Barlow,
> *Defendant-Appellant*.

FOR APPELLANT:          MARSHALL A. MINTZ, Mintz & Oppenheim LLP, New York, New York

FOR APPELLEE:           AMIR H. TOOSSI, (SUSAN CORKERY, *on brief*) Assistant United States Attorneys, *of counsel*, *for*, Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York

Appeal from the United States District Court for the Eastern District of New York (Bianco, *J.*). **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Terrance Barlow appeals from a judgment of the district court convicting him, following a jury trial, of one count of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g). Barlow contends that the government violated its disclosure obligations, challenges the admission of certain evidence, contests the sufficiency of proof that the ammunition traveled in interstate commerce,[1] and argues that the prosecutor's comments in summation warrant a new trial. He also argues the jury venire from which his jury was chosen did not represent a fair cross-section of the community as required by the Sixth Amendment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, and we discuss these only as necessary to explain our decision.

Barlow raised his *Brady* claim and Sixth Amendment fair cross-section claim in a Rule 33 motion for a new trial. "We review challenges to a district court's denial of a Rule 33 motion 'for an abuse of discretion' and 'accept the district court's factual findings unless they are clearly erroneous.'" *United States v. McCourty*, 562 F.3d 458, 475 (2d Cir. 2009) (quoting *United States v. Gallego*, 191 F.3d 156, 161 (2d Cir. 1999). "[Rule 33] motions are granted only in 'extraordinary circumstances,' and are committed to the trial court's discretion." *Id.* (citation omitted).

_____

[1]We hold that Barlow waived this argument by entering into a stipulation that the ammunition traveled in interstate commerce. *See United States v. Celaj*, 649 F.3d 162, 170 n.5 (2d Cir. 2011) (discussing that a stipulation that marijuana traveled in interstate commerce waived any challenge to the sufficiency of the evidence that a robbery of a marijuana dealer would affect interstate commerce).

Having conducted an independent review of the record, we find no fault in the district court's thorough and well-reasoned opinion and order of August 2010 addressing Barlow's Rule 33 Motion, and we affirm the judgment of the district court rejecting Barlow's *Brady* and fair cross-section claims. *See United States v. Barlow*, 732 F. Supp. 2d 1, 10-42 (E.D.N.Y. 2010).[2]

The district court, over Barlow's objection, admitted evidence that the ammunition the government charged him with possessing came from a gun that fell from his possession as he attempted to evade arrest after an attempted burglary. Barlow complains that the district court "did not weigh the danger of unfair prejudice from the attempted burglary evidence against the charged offense—possession of ammunition." "We review a district court's balancing under Rule 403 for abuse of discretion." *United States v. Polouizzi*, 564 F.3d 142, 152 (2d Cir. 2009). The "decision to admit or exclude evidence will not be overturned unless we conclude that the court acted arbitrarily or irrationally." *United States v. Thai*, 29 F.3d 785, 813 (2d Cir.1994). As noted by the district court, Barlow disputed that he possessed the loaded firearm (that contained the ammunition he was charged for carrying). *United States v. Barlow*, No. 09-cr-580, 2010 WL 4878961, at *4 (E.D.N.Y. Nov. 23, 2010). The evidence of the attempted burglary is therefore highly relevant to prove motive (and intent) for possessing the gun in which the ammunition was found. The evidence of the attempted burglary supported the likelihood that Barlow possessed the firearm and ammunition. The proof, therefore, was "inextricably intertwined with the

---

[2]Barlow argues on appeal that the district court decision ignored the impeachment value of the September 23, 2009, meeting during which Officer Serdaros stated that Delon Joseph had previously identified Barlow. We note, however, that Judge Bianco discussed this precise issue in his thorough decision, concluding that there would be no impeachment value of an erroneous identification because Officer Serdaros was not permitted to testify regarding any identification. *See Barlow*, 732 F. Supp. 2d at 15 & n.7.

evidence regarding the charged offense." *United States v. Gonzalez*, 110 F.3d 936, 942 (2d Cir. 1997) (internal quotation marks omitted). Any prejudice was minimized by the district court's repeated limiting instructions. We find no fault in the district court's ruling.

Barlow argues that the prosecutor's statements made during summation and rebuttal summation warrant reversal because they caused "substantial prejudice." Specifically, Barlow argues that the prosecutor mischaracterized his confession, improperly vouched for the police officers, and implied that the jury should convict on grounds other than the evidence. Because Barlow failed to object to any of the now-challenged statements during the government's summation or rebuttal summation, this Court's review is limited to one for plain error, and the failure to object "also strongly indicates that defense counsel at trial did not understand the statements to communicate impermissible vouching." *United States v. Newton*, 369 F.3d 659, 682 (2d Cir. 2004).

With respect to the prosecutor's statements to which Barlow objects for the first time on appeal, Barlow's arguments fail to meet the plain-error standard. Most of the statements Barlow challenges, those in which the prosecutor "submitted" certain conclusions, "do not qualify as vouching." *Id.* at 681 (citing *United States v. Perez*, 144 F.3d 204, 210 (2d Cir. 1998)). Barlow's defense counsel attacked the officer's credibility from the start of trial through his summation, implying that the officers planted the gun on Barlow to justify his arrest. "Prosecutors have greater leeway in commenting on the credibility of their witnesses when the defense has attacked that credibility." *Perez*, 144 F.3d at 210. In light of this, the prosecutor's reference to the police officers as "good cops" that were just doing their jobs was not an attempt to vouch for or bolster their credibility as law enforcement officers but a rebuttal to the argument

-4-

that they fabricated their testimony. Also without merit is the contention that the prosecutor urged conviction on anything other than the evidence. After the prosecutor told the jury, "The defendant had a gun. It was loaded. The cops broke up the robbery and they got the gun off the street. They did their job. Now it's time for you to do yours," he stated that their "job was to evaluate the evidence; all of it, all of it together and see what makes sense." When viewed in context, the prosecutor did not suggest that Barlow should be convicted based on appeals to community safety and values but based on the evidence presented at trial. While we do find the prosecutor's comment, "I think he's telling the truth," referring to a police officer's testimony, to be an improper remark, our cases are clear that we will not overturn a conviction for an improper remark in the absence of substantial prejudice. *See United States v. Russo*, 74 F.3d 1383, 1396 (2d Cir. 1996). We and the district courts possess a variety of other tools that deter such behavior. *United States v. Modica*, 663 F.2d 1173, 1184-86 (2d Cir. 1981). We have reviewed the summations and conclude that as a whole, when read along with the district court's instruction regarding the credibility of law enforcement officers and attorney arguments, Barlow has not suffered the substantial prejudice that would require us to vacate his conviction.

We have considered Barlow's remaining arguments and find them without merit.

For the foregoing reasons, the judgement of conviction is AFFIRMED.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk